GREEN v. GREEN.

Opinion delivered November 23, 1926.

APPEAL AND ERROR—INSUFFICIENCY OF ABSTRACT.—Where no abstract of proceedings before the lower court is brought up on appeal, a decree refusing recovery on a supersedeas bond was affirmed, since the Supreme Court was not advised as to the grounds on which the ruling was made.

Appeal from Garland Chancery Court; *W. R. Duffie,* Chancellor; affirmed.

*R. G. Davies,* for appellant.

*Murphy & Wood,* for appellee.

McCULLOCH, C. J. This is an appeal from a decree of the chancery court of Garland County, refusing to summarily award recovery from appellee and his sureties on a supersedeas bond on appeal to the Supreme Court.

Appellant and appellee were formerly husband and wife, and on August 30, 1923, in a suit for divorce in which appellant was the plaintiff, the court rendered a decree in favor of appellant for the dissolution of the bonds of marriage, and for recovery of continuing alimony in the sum of $25 per month and for accrued alimony in the total sum of $1,325. It is contended by appellant that appellee appealed from that decree, giving the supersedeas bond involved in the present proceeding, and that the appeal was subsequently dismissed by this court. This is disputed by appellee. The court

ordered a sale of the property of appellee Green, and it was sold by the commissioner for the sum of $501. The court then made an order on the commissioner, after confirming the sale, to pay to appellant all the proceeds of the sale except the sum of $158.05, which sum the court ordered the commissioner to hold for further orders. Subsequently, on January 21, 1924, the court made another order directing the commissioner to pay over the balance of the proceeds of the sale to appellant, and that, "upon receipt of the same, the said cross-complainant discharge all judgments and allowances against the plaintiff, Frank J. Green, in her favor on account of alimony or otherwise, and for all future allowances, the payment of said sum being a full and complete settlement between them." Appellant prosecuted an appeal to this court, and the judgment was reversed on account of the error of the court below in discharging appellee Green from the balance of the judgment for alimony. Appellant then, after the mandate was filed, applied to the court for summary judgment against appellee and his sureties, which application the court denied.

The contention of appellant is, as before stated, that the supersedeas bond in question was executed on appellee's appeal from the first decree. This contention is set forth in the abstract and brief filed on behalf of appellant, but there is no abstract of the proceedings before the court, and we are not advised as to the grounds upon which the court's ruling was made. We are unable therefore to determine from appellant's abstract whether or not the ruling of the court was correct.

For this reason the judgment must be affirmed, and it is so ordered.